**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesse Suniga and Aurora Suniga, | No. CV 09-0499-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| America's Servicing Company, | |
| Defendants. | |

Pending before this Court is Defendant America's Servicing Company's Motion to Dismiss (Doc. # 7). For the reasons that follow, the Court grants Defendants' motion to the extent that it is premised upon subject matter jurisdiction.

In February 2009, Plaintiffs filed this present action in Maricopa County Superior Court, seeking a mandate that Defendant "meet with the Plaintiffs in an effort to renegotiate the amount of the mortgage and rate of interest on the Plaintiffs' home." (Complaint at p. 5.) In March 2009, Defendant removed to this Court under 28 U.S.C. § 1441, and shortly thereafter, filed this Motion to Dismiss.

Defendants move to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, arguing that Plaintiffs have no standing to bring this action. In addition, Defendants seek dismissal pursuant to Fed. R.Civ. P. 12(b)(6) for failure to state a claim. The Court will analyze standing first because "[s]tanding is the threshold issue of any federal action, a matter of jurisdiction because 'the core component of standing

is an essential and unchanging part of the case-or-controversy requirement of Article III.'" *Local Nos. 175 & 505 Pension Trust v. Anchor Cap.*, 498 F.3d 920, 923 (9th Cir. 2007) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Defendant argues that Plaintiffs lack standing to bring this present action because Plaintiffs filed a bankruptcy petition–with the property at issue in this case listed as an asset of the bankruptcy estate–before the filing of this action. Thus, Defendant argues, the bankruptcy trustee alone has standing to sue on behalf of the bankruptcy estate, including causes of action related to the assets of the bankruptcy estate. The Court agrees.

When Plaintiffs filed their bankruptcy petition, they created a bankruptcy estate that included the property that is the subject of this litigation. 11 U.S.C. § 541(a)(1), (7) ("The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: . . . all legal or equitable interests of the debtor in property as of the commencement of the case. . . . [and] [a]ny interest in property that the estate acquires after the commencement of the case."). Section 541 is broad in scope and includes causes of action. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 (1983). The bankruptcy trustee–and not Plaintiffs as debtors–alone has the capacity to sue on behalf of the bankruptcy estate. *In Re Estate of Spirtos*, 443 F.3d 1172, 1176 (9th Cir. 2006) ("[T]he bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate."). *See also* 11 U.S.C. § 323(b) ("The trustee in a case under this title has capacity to sue and be sued."); *In re Eisen*, 31 F.3d 1447, 1451 n. 2 (9th Cir. 1994) ("Once appointed a trustee, the debtor's assets and claims pass to the trustee, making the trustee 'the proper party in interest, and the only party with standing to appeal the bankruptcy court's order.'" (quoting *Hancock Bank v. Jefferson*, 73 B.R. 183, 185 (Bankr. S.D. Miss. 1986)); Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707-09 (9th Cir. 1986) (holding that debtor's claim of emotional distress properly belonged to the estate). Because Plaintiffs brought this action after the filing of their bankruptcy petition, and because the subject of this litigation involves property

1  that is a part of Plaintiffs' bankruptcy estate, Plaintiffs as debtors lack the standing necessary
2  to bring this cause of action.
3  Accordingly,
4  **IT IS ORDERED** that Defendant America's Servicing Company's Motion to
5  Dismiss (Doc. # 7) is GRANTED insofar as that motion is premised upon lack of subject
6  matter jurisdiction, but DENIED without prejudice in all other respects.
7  **IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment
8  accordingly.
9  DATED this 28th day of July, 2009.

_____
James A. Teilborg
United States District Judge